UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHH MORTGAGE CO., Plaintiff, -against- STELLA FOTINOS ET AL., Defendants. | **SUMMARY ORDER** 25-cv-6277 (DLI)(ST) |

**DORA L. IRIZARRY, United States District Judge:**

On November 11, 2025, PHH Mortgage Corporation ("Plaintiff") initiated this foreclosure action against Stella Fotinos ("Stella"), Maria Fotinos and John Does #1 – 12 (the "Doe Defendants"),[1] seeking to foreclose a residential mortgage (the "Mortgage") encumbering the real property at 2328 Swenson Pl, Bellmore, New York 11710 (the "Subject Property"). *See*, Compl., Dkt. Entry No. 1. Stella moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and New York Real Property Actions & Proceedings Law ("RPAPL") § 1301(3). *See*, Stella's Mem. of Law ("Mot."), Dkt. Entry No. 12-3. Plaintiff opposed the motion. *See*, Pl.'s Opp'n ("Opp'n"), Dkt. Entry No. 18. Stella replied. *See*, Stella's Reply ("Reply"), Dkt. Entry No. 19. For the reasons set forth below, Stella's motion to dismiss is denied.

## BACKGROUND[2]

On June 21, 2005, Stella obtained the Mortgage for the Subject Property from Option One Mortgage Corporation in the amount of $190,000, which was memorialized in a note (the "Note"). Compl. ¶¶ 8-9. Stella failed to remit the payment due on September 1, 2024, defaulting on her

[1] The Doe Defendants were joined as placeholders for any tenants, occupants, persons, or corporations, if any, having or claiming an interest in or lien upon the Subject Property. *See*, Compl. ¶ 5.

[2] Unless otherwise indicated, the facts below are taken from the Complaint and are accepted as true for the purposes of Stella's motion to dismiss. *See*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

payment obligations under the terms of the Note. *Id.* ¶ 14. The Mortgage and Note then were assigned to Plaintiff on or about October 9, 2025. *Id.* ¶ 10, Dkt. Entry No. 1-4. As of November 11, 2025, Stella has not cured her default. Compl. ¶ 14. Plaintiff filed this action on November 11, 2025, seeking to recover an unpaid principal of $111,541.63 plus interest accruing from August 1, 2024. *Id.* ¶ 17.

On November 20, 2025, Plaintiff filed the summons and complaint from this action, as well as a No Fee Authorization, with the Clerk of the Supreme Court of the State of New York, Nassau County, which opened a new "action" with the index number 625345/2025 (the "State Action"). *See*, *PHH Mortg. Co. v. Fotinos*, 625345/2025, Dkt. Entry Nos. 1-2 (N.Y. Sup. Ct., Nassau Co, Nov. 20, 2025). Then, on November 24, 2025, Plaintiff filed a Notice of Pendency in the State Action stating, among other things, that an action to foreclose the Mortgage on the Subject Property was pending in New York Supreme Court, Nassau County. *See*, *PHH Mortg.*, 625345/2025, Dkt. Entry No. 3 ("NOTICE IS HEREBY GIVEN that an action has been commenced and is pending in this Court . . . for foreclosure of a Mortgage dated June 21, 2005 in the principal amount of $190,000.00 executed by defendant Stella Fotinos. . . ."). However, on December 30, 2025, Plaintiff filed a second Notice of Pendency in the State Action clarifying that the foreclosure action on the Mortgage was pending in this Court and the First Notice of Pendency was in error. *See*, *PHH Mortg.*, 625345/2025, Dkt. Entry No. 5. No action has been taken in the State Action since December 30, 2025.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "does not require 'detailed factual

allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted). A court may also consider matters of which judicial notice may be taken, such as state court decisions. *See*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Ins. Co. of Greater New York v. Mt. Hawley Ins. Co.*, 2026 WL 1469450, at *2 (E.D.N.Y. May 26, 2026). The court's duty "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See also*, *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## DISCUSSION

Stella's sole contention is that Plaintiff commenced a second action to foreclose the Mortgage on the Subject Property without leave of court in violation of RPAPL § 1301(3), which violation automatically deems this action discontinued. *See*, Mot. at 5-7. Plaintiff counters that it did not commence a second foreclosure action and that the summons and complaint from this action were only filed in the State Action because New York Civil Practice Law and Rules

"CPLR") § 6511 requires that a Notice of Pendency be filed with the clerk of the county in which an affected property is situated. *See*, Opp'n at 3.

Pursuant to New York's One Action Rule, when an action to foreclose a mortgage is already pending, no other action (1) may be commenced by the mortgagee (2) to foreclose the same mortgage (3) without leave of court. *See*, RPAPL § 1301(3). "The primary purpose of the rule is to avoid multiple suits to recover the same mortgage debt and confine the proceedings to collect the mortgage debt to one court and one action." *U.S. Bank Nat'l Ass'n v. Mattone*, 769 F. Supp.3d 298, 317 (S.D.N.Y. 2025) (internal quotation marks omitted). Courts may not excuse a party's failure to obtain leave of the court before commencing a second action to foreclose the same mortgage. *Id.* at 318.[3]

Here, the State Action was not commenced for the purpose of foreclosing the Mortgage. Thus, it does not run afoul of § 1301(3). While Plaintiff did "commence" the State Action by filing a "summons and complaint" in state court, Plaintiff filed the summons and complaint from this action, which contains "United States District Court for the Eastern District of New York" in the header. At the same time, Plaintiff also filed a No Fee Authorization letter that clearly states: "This matter has been filed with the Eastern District of New York and the filing of the Notice of Pendency is for the sole purpose of giving notice of a pending federal lawsuit in connection with this property. . . ." *PHH Mortg.*, 625345/2025, Dkt. Entry No. 2. Additionally, while the first Notice of Pendency indicates that a foreclosure action was pending in Nassau County Supreme Court, Plaintiff subsequently filed an amended Notice of Pendency clarifying that the foreclosure action is pending in the Eastern District of New York. *PHH Mortg.*, 625345/2025, Dkt. Entry

[3] Typically, courts in this Circuit have applied RPAPL § 1301(3) to dismiss the second filed action, not the first filed action. *See, e.g.*, *Windward Bora LLC v. Browne*, 2023 WL 2744684, at *13-14 (S.D.N.Y. Mar. 31, 2023), *aff'd*, 110 F.4th 120, 129-131 (2d Cir. 2024); *Mattone*, 769 F. Supp.3d at 318-19; *BSI Mortgage IV, LLC v. Kaushik*, 2015 WL 10793172, at *2 (E.D.N.Y. Sept. 18, 2015).

No. 5. Finally, no further action has been taken in the State Action since the amended Notice of Pendency was filed in December of 2025.

Taken together, while Plaintiff's commencement of the State Action may not have followed the proper procedure for filing a notice of pendency,[4] the purpose of the State Action clearly was not to foreclose the Mortgage. Accordingly, Plaintiff's commencement of the State Action does not violate New York's One Action Rule, and Stella's motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, Stella's motion to dismiss this action is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2026

/s/
DORA L. IRIZARRY
United States District Judge

[4] CPLR § 6511(a) merely instructs that a Notice of Pendency be filed with the clerk of any county where the affected property is situated and, unless it has already been filed in that county, the complaint of the foreclosure action must also be filed with the Notice of Pendency. *See*, N.Y. CPLR § 6511(a). Several New York counties provide instructions for filing a notice of pendency. *See, e.g.*, *Kings County Clerk's Office: Liens on Block & Lot*, https://www.nycourts.gov/courts/2nd-judicial-district/kings-county-clerks-office/liens-block-lot (explaining a Notice of Pendency may be filed via the Electronic Document Delivery System); *New York County Clerk's Office: Judgment Docket and Lien Section*, https://www.nycourts.gov/courts/1st-judicial-district/new-york-county-clerks-office/judgment-docket-and-lien-section (explaining that if a foreclosure action is filed in a court other than New York County Supreme Court, "the Notice of Pendency must be filed in hard copy with a copy of the complaint attached to it").